Josephine Paolino  
vs. Eq. No. 8675.  
Robert S. Ortolavo

February 2, 1928.

TANNER, P. J. This is a bill in equity brought for the purpose of setting aside a tax sale.

It appears that the complainant owned several parcels of land before she purchased the two lots which were sold at a tax sale, and she testifies that she always paid all the tax bills that were sent to her and supposed that she paid the taxes assessed on the two lots in question.

From the evidence of the Treasurer's Office of the City of Providence, it appears that the two lots in question were assessed to some Josephine Paolino who lived at 253 Federal Street, whereas it appears that the complainant never lived at 253 Federal Street but has always lived at 56 Tell Street. It also appears that the complainant had no knowledge that the two lots were assessed to Josephine Paolino living at 253 Federal Street and that the complainant was never served with any notice of the levy of the execution.

Sec. 8 of Chap. 59 of the General Laws of 1923 provides that if, in assessing real estate, the same be assessed by mistake to a person not the owner, such tax may nevertheless be collected from such real estate, provided the same be described so as to be identified, and the party having the

record title have notice of such assessment.

Under this section of the statutes, the question arises in this case whether the notice which the party having the record title must have is actual notice or whether it can be said that the advertised notice or the assessment role would constitute notice.

We were at first inclined to think the implied notice which might be said to come from the assessment role or the advertisement of the assessments might be sufficient. Upon further consideration, however, we doubt this to be the correct construction. Similar statutes to this in other states hold an assessment by mistake to a person not the owner would be a valid assessment provided, simply, that the land assessed be properly identified, but make no provision for any notice to the person having the record title. It would therefore seem to us that when our statute makes the further provision that the party having the record title must have notice of such assessment, it must mean something more than the mere implied notice from the assessment role or the advertisement. However, we think it is not necessary to decide this point because we think there is another clear point upon which the case should be decided.

Sec. 14 of Chap. 62 of the General Laws of 1923 provides that, in case the collector shall advertise for sale any property, real, personal or mixed, in which any person other than the person to whom the tax is assessed has an interest, he shall, provided the interest of such other person appears upon the records of the town, leave a copy of the notice of such sale at the last and usual place of abode, or personally with such other person, if within this state, twenty days prior to the time of such sale.

It appears from the exhibits in the case that the deed of the two lots in question was recorded in the land rec-

ords of the city before the advertisement of sale, and that no copy of notice of such sale was served as provided in said statute. Therefore, the interest of the complainant as the recorded owner did appear upon the records of the city and she was entitled to notice of such sale. No such notice was given to the complainant.

We must therefore hold that said tax sale was void and the complainant is entitled to receive from the respondent Ortolavo a deed of said parcels of land upon payment to him of the amount which he has paid for said land, with interest thereon, and that he be restrained from encumbering or selling said lots.

For complainant: James F. Harrahan.

For respondent: DePasquale & Turano.